```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Terrick D. Craft,                :
                                 :
         Plaintiff,              :
                                 :
    v.                           :    Case No. 1:15-cv-104-jgm
                                 :
United States Post Office,       :
                                 :
         Defendant.              :
```

               OPINION AND ORDER
                    (Doc. 1)

Plaintiff Terrick D. Craft, proceeding pro se, moves to proceed *in forma paurperis* against Defendant United States Post Office ("USPS"), seeking damages related to the negligent delivery of a letter. (Docs. 1, 1-2.) Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed *in forma pauperis* is GRANTED. For the reasons set forth below, however, this case is DISMISSED.

Discussion

Craft alleges that while incarcerated at the Southern State Correctional Facility in Springfield, Vermont, he "was cheating on [his] wife" and corresponding with another woman by mail and telephone calls. (Doc. 1-2 at 4.) On one occasion, he attempted to send the other woman a letter which he had addressed to the wrong city and state. Instead of returning the letter to Craft at the Springfield facility, USPS "looked at the last name and

forward[ed] it to [his] wife." Id. at 5.  As a result, Craft's wife filed for a divorce against him, "took away" his children, and no longer puts money in his commissary account.  Id.  As relief, he seeks monetary damages.

Pro se filings are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  A district court may dismiss a case, however, if it determines the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A court also has inherent authority to dismiss a case that presents no meritorious issue.  See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* even where plaintiff paid filing fee); Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (court has "inherent authority" to dismiss petition that presents "no arguably meritorious issue").

Here, Craft's claims against USPS are deemed to be against the United States.  See Anderson v. United States Postal Serv., 761 F.2d 527, 528 (9th Cir. 1985) (tort claim against USPS treated as suit against United States).  Under the doctrine of

sovereign immunity, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  Lehman v. Nakshian, 453 U.S. 156, 160 (1981); see also Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d Cir. 1999) ("In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity.").  "The sovereign immunity of the United States may only be waived by a federal statute."  Id.

Although the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, generally provides a jurisdictional basis for monetary claims against the United States arising from property loss or damage, "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" is exempted. 28 U.S.C. § 2680(b).  Therefore, because Craft seeks monetary damages against USPS arising from the negligent transmission of the letter to his wife, the FTCA does not provide a waiver of sovereign immunity.  Accordingly, because the United States is immune from this type of suit, this Court lacks subject matter jurisdiction and all claims against USPS are DISMISSED.

District courts generally should not dismiss a pro se complaint without granting leave to amend.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  The Court finds,

however, that granting leave to amend the proposed Complaint would be futile. See id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.  Such a futile request to replead should be denied.") Because the facts alleged do not suggest Craft presents any other viable claims over which this Court would have subject matter jurisdiction, the Court declines to grant leave to file an amended complaint.

## CONCLUSION

For the reasons set forth above, after conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B), Craft's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

It is further certified that any appeal taken *in forma pauperis* from this Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of July, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge